# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALICIA THOMPSON, individually and on behalf of all others similarly situated, | Case No. |
| *Plaintiff*, | |
| v. | CLASS ACTION |
| | JURY TRIAL DEMANDED |
| GLOBAL MARKETING RESEARCH SERVICES, INC., a Florida corporation, | |
| *Defendant*. | |

**PRELIMINARY MOTION FOR CLASS CERTIFICATION**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES .................................................................................................. ii

I. INTRODUCTION ........................................................................................................1

II. STATEMENT OF FACTS...........................................................................................2

   A. Facts Applicable to Thompson and All Members of the Putative Class .....................2

   B. The Proposed Class.......................................................................................................3

III. ARGUMENT.................................................................................................................3

   A. The Proposed Class is Ascertainable ...........................................................................4

   B. The Proposed Class Satisfies the Requirements of Rule 23(a) ....................................4

       1. *The Class is Numerous.* .........................................................................................4

       2. *The Class Members Share Common Issues of Law and Fact* ............................5

       3. *Thompson's Claims and Defenses are Typical of the Claims or Defenses of the Proposed Class Members.* ......................................................................................6

       4. *Thompson and Her Counsel Are Adequate Representatives* ............................7

   C. The Proposed Class Also Meets the Requirements of Rules 23(b)(2)...........................8

   D. The Proposed Class Also Meets the Requirements of Rule 23(b)(3)............................8

IV. CONCLUSION ........................................................................................................... 12

# TABLE OF AUTHORITIES

                                                             **Page(s)**

**U.S. Supreme Court Cases**

*Amchem Prods., Inc. v. Windsor*,
   521 U.S. 591 (1997) .................................................................................................. 3, 9, 10

*Wal-Mart Stores, Inc. v. Dukes*,
   131 S. Ct. 2541 (2011) ....................................................................................................4, 5

**Court of Appeals Cases**

*Beck v. Maximus, Inc.*,
   457 F.3d 291 (3d Cir. 2006) ............................................................................................... 6

*Byrd v. Aaron's, Inc.*,
   784 F.3d 154 (3d Cir. 2015) ............................................................................................... 4

*Damasco v. Clearwire Corp.*,
   662 F.3d 891 (7th Cir. 2011) .............................................................................................. 1

*Georgine v. Amchem Prods., Inc.*,
   83 F.3d 610 (3d Cir. 1996) ................................................................................................. 5

*Gomez v. Campbell-Ewald Co.*,
   768 F.3d 871 (9th Cir. 2014) *cert. granted*, No. 14-857, 2015 WL 246885
   (U.S. May 18, 2015) ........................................................................................................... 1

*New Directions Treatments Servs. v. City of Reading*,
   490 F.3d 293 (3d Cir. 2007) ............................................................................................... 7

*Stewart v. Abraham*,
   275 F.3d 220 (3d Cir. 2001) ............................................................................................... 4

*Weiss v. Regal Collections*,
   385 F.3d 337 (3d Cir. 2004) ............................................................................................... 1

**District Court Cases**

*Agne v. Papa John's Int'l, Inc.*,
   286 F.R.D. 559 (W.D. Wash. 2012) ................................................................................ 10

*Bellows v. NCO Fin. Sys., Inc.*,
   No. 3:07-cv-01413(W-AJB), 2008 WL 4155361 (S.D. Cal. Sept. 5, 2008) ..................... 10

*CE Design Ltd. v. Cy's Crabhouse N., Inc.*,
   259 F.R.D. 135 (N.D. Ill. 2009) ....................................................................................... 10

*City Select Auto Sales, Inc. v. David Randall Associates, Inc.*,
   296 F.R.D. 299 (D.N.J. 2013) .................................................................................. 10

*Clarke v. Lane*,
   267 F.R.D. 180 (E.D. Pa. 2010) .................................................................................. 8

*Edmonds v. Levine*,
   233 F.R.D. 638 (S.D. Fla. 2006) ................................................................................. 4

*Florence v. Bd. of Chosen Freeholders*,
   No. 05-cv-3619, 2008 WL 800970 (D.N.J. Mar. 20, 2008) ...................................... 4

*Hawk Valley, Inc. v. Taylor*,
   301 F.R.D. 169 (E.D. Pa. 2014) ........................................................................*passim*

*Heastie v. Cmty. Bank of Greater Peoria*,
   125 F.R.D. 669 (N.D. Ill. 1989) .................................................................................. 5

*Hinman v. M & M Rental Ctr., Inc.*,
   545 F. Supp. 2d 802 (N.D. Ill. 2008) ........................................................................ 10

*Kavu, Inc. v. Omnipak Corp.*,
   246 F.R.D. 642 (W.D. Wash. 2007) ......................................................................... 10

*Law Offices of Leonard I. Desser, P.C. v. Shamrock Commc'ns, Inc.*,
   No. JKB–12–2600, 2013 WL 2244811 (D.Md. May 21, 2013) .............................. 10

*Lee v. Stonebridge Life Ins. Co.*,
   289 F.R.D. 292 (N.D. Cal. 2013) .............................................................................. 10

*Lo v. Oxnard European Motors, LLC*,
   11-cv-1009(JLS), 2011 WL 6300050 (S.D. Cal. Dec. 15, 2011) ............................ 10

*Logory v. City of Susquehanna*,
   277 F.R.D. 135 (M.D. Pa. 2011) ................................................................................ 4

*Manno v. Healthcare Revenue Recovery Grp. LLC*,
   289 F.R.D. 674 (S.D. Fla. 2013) ................................................................................ 9

*Mitchem v. Illinois Collection Svc., Inc.*,
   271 F.R.D. 617 (N.D. Ill. 2011) .................................................................................. 9

*Montgomery Cnty, Pa. ex rel. Becker v. MERSCORP, Inc.*,
   298 F.R.D. 202 (E.D. Pa. 2014) .................................................................................. 9

*Siding & Insulation Co. v. Beachwood Hair Clinic, Inc.*,
   279 F.R.D. 442 (N.D. Ohio 2012) .............................................................................. 9

*Smith v. Interline Brands, Inc.*,
  Civ. No. 14-5527 (JBS/JS), 2014 WL 7894482 (D.N.J. Sept. 26, 2014) ............................ 1

*St. Louis Heart Center, Inc. v. Vein Centers for Excellence, Inc.*,
  No. 4:12cv174CDP, 2013 WL 6498245 (E.D. Mo. December 11, 2013) ...................... 10

*Vandervort v. Balboa Capital Corp.*,
  287 F.R.D. 554 (C.D. Cal. 2012) ........................................................................................ 10

*Weitzner v. Sanofi Pasteur, Inc.*,
  7 F. Supp. 3d 460, 463 (M.D. Pa. 2014) ............................................................................. 1

**Statutes and Rules**

Telephone Consumer Protection Act, 47 U.S.C. § 227(b)(1)(A)(iii) ................................ 1, 5, 7

Fed. R. Civ. P. 23 ................................................................................................................ *passim*

**Other Authorities**

5 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE (3d ed. 2001) ............................ 4

5 HERBERT B. NEWBERG & ALBA CONTE, NEWBERG ON CLASS ACTIONS, § 24.25
  (3d ed. 1992) ........................................................................................................................ 6

NEWBERG ON CLASS ACTIONS § 3:5, 243–46 ........................................................................... 5

NEWBERG ON CLASS ACTIONS § 3:13, 327 ................................................................................ 6

## I. INTRODUCTION

Plaintiff Alicia Thompson ("Thompson"), by and through her undersigned counsel, hereby respectfully moves the Court for an Order certifying this case as a class action pursuant to Federal Rules of Civil Procedure 23(b)(2) and (b)(3). Furthermore, to the extent additional evidence is needed, Plaintiff requests that the Court enter and continue the instant motion until after the completion of discovery on class-wide issues, at which time Plaintiff will submit a more fulsome memorandum of points and authorities in support of class certification.[1]

This matter satisfies Rule 23's requisites to class certification. Through a common course of conduct, Defendant Global Marketing Research Services, Inc. ("GMRS") either itself or through third parties collected cell phone numbers of potentially thousands of consumers and then GMRS called those consumers' cell phones using an automatic dialing system to contact them about surveys who have never consented to receive such calls. Through that conduct, GMRS not only harassed each member of the putative Class but also repeatedly violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), thereby entitling the recipients of the unauthorized calls to statutory damages and injunctive relief.

---

[1] Plaintiff files this motion at the outset of the litigation to prevent Defendants from attempting a so-called "buy off" to moot her representative claims (*i.e.*, tendering to her the full amount of her individual damages alleged in the Complaint). *See Damasco v. Clearwire Corp.*, 662 F.3d 891, 896 (7th Cir. 2011) ("Class-action plaintiffs can move to certify the class at the same time that they file their complaint. The pendency of that motion protects a putative class from attempts to buy off the named plaintiffs . . . If the parties have yet to fully develop the facts needed for certification, then they can also ask the district court to delay its ruling to provide time for additional discovery or investigation."). While the law in this Circuit, as distinguished from the Seventh Circuit, generally rejects the need for such "placeholder" motions for class certification, *see Weiss v. Regal Collections*, 385 F.3d 337, 347-48 (3d Cir. 2004); *Weitzner v. Sanofi Pasteur, Inc.*, 7 F. Supp. 3d 460, 463 (M.D. Pa. 2014); *Smith v. Interline Brands, Inc.*, Civ. No. 14-5527 (JBS/JS), 2014 WL 7894482, *1 (D.N.J. Sept. 26, 2014), on May 18, 2015 the United States Supreme Court granted certiorari in *Gomez v. Campbell-Ewald Co.*, 768 F.3d 871, 874 (9th Cir. 2014) *cert. granted*, No. 14-857, 2015 WL 246885 (U.S. May 18, 2015), putting the current state of the law on this issue somewhat into question. As such, out of an abundance of caution Plaintiff files this placeholder motion and respectfully asks, insofar as the Court requires additional evidentiary support for certification, that the Court to continue consideration of its merits until she has had an opportunity to conduct necessary discovery on class issues.

GMRS made all of the calls in the same manner and without the prior express oral or written consent of Thompson or the other members of the Class. Likewise, the injuries suffered by Thompson and the members of the putative Class as a result of Defendant's conduct are nearly identical. That is, each member of the putative Class was subjected to the aggravation and nuisance that necessarily accompanies the receipt of unsolicited cell phone calls, thus entitling them to a nearly identical calculation of actual and statutory damages under the TCPA.

The proposed Class meets each of the prerequisites to certification under Federal Rules 23(b)(2) and (b)(3), and class certification should be granted. However, to the extent additional evidence is required, Thompson anticipates that discovery will further support her motion for class certification, and respectfully requests that the Court (i) reserve ruling on her motion for class Certification; (ii) allow for and schedule discovery on class-wide issues; (iii) allow Thompson to file a supplemental memorandum in support of her motion for class certification after class discovery has concluded; (iv) grant Thompson's motion for class certification after full briefing of the issues; and (v) provide all other and further relief that the Court deems reasonable and just.

## II.  STATEMENT OF FACTS

### A.  Facts Applicable to Thompson and All Members of the Putative Class.

Starting in or around May 2013, Thompson began receiving unsolicited calls to her cell phone from the phone number (800) 251-5850, which is operated or controlled by GMRS or is used by GMRS to make its calls. Initially, Plaintiff missed several of these phone calls from the above phone number. On one such call that she answered though, the operator informed Plaintiff that he was calling to see if she would participate in a phone survey. Plaintiff told the operator that she was not interested in and that he should stop calling her. The next day around the same

time, Plaintiff received another call from Defendant despite her explicit instruction not to call her again to which she again told to a different operator to stop calling her. Again, Plaintiff started receiving multiple daily calls on September 9, 2013 from 800-251-5850. When Plaintiff would pick up the calls, she would either hear a long pause before hearing muffled background noise and then the call would hang up, and at other times, she would hear a long pause and then the call would automatically hang up on her. She would often say hello up to four times before the calls would automatically hang up on her.

GMRS made the calls, on either its own behalf or on behalf of third parties. With respect to Pennsylvania cell phone users, GMRS placed thousands of calls to residents' cell phones using an automatic dialing system and/or pre-recorded voice without the prior express consent of the consumer.

### B. The Proposed Class

As a result of Defendant's conduct described above, Thompson brought the instant lawsuit and now seeks certification of a class (the "Class") defined as:

> All individuals in Pennsylvania (1) to whom GMRS made a telephone call; (2) on his or her cell phone; (3) from the phone number 800-251-5850 or a different number owned or controlled by GMRS, and (4) for whom GMRS procured any oral or written consent to be called in the same way GMRS claims it obtained oral or written consent to contact the Plaintiff.

The following people are excluded from the Class: (1) Defendant, Defendant's agents, subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and its current and former employees, officers, and directors, (2) the Judge or Magistrate Judge to whom this case is assigned and the Judge's or Magistrate Judge's immediate family, (3) persons who execute and file a timely request for exclusion, (4) the legal representatives, successors, or assigns of any such excluded person, and (5) Counsel for Thompson or GMRS.

As demonstrated below, the proposed Class meets each of Rule 23's requirements for certification, and therefore, the Court should grant class certification.[2]

## III. ARGUMENT

A party seeking certification bears the burden of showing that the class is ascertainable and meets each of the four requirements of Rule 23(a) and at least one requirement of Rule 23(b). Rule 23(a) enumerates four prerequisites for class certification: (1) numerosity, (2) commonality, (3) typicality, and (4) adequacy of representation. Additionally, Rule 23(b)(3) requires that common questions or law or fact predominate on Thompson's claims for damages, and that maintaining the suit as a class action is superior to other methods of adjudication. *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 615 (1997). Rule 23(b)(2) allows for certification where "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Plaintiff must affirmatively demonstrate compliance with the Rule. *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011). The Class is certifiable here.

### A. The Proposed Class is Ascertainable.

A class definition is sufficient if it is "definite enough so that it is administratively feasible for the court to ascertain whether an individual is a member." *See* 5 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE, ¶ 23.21[1] (3d ed. 2001) ("The identity of class members must be ascertainable by reference to objective criteria."). Objective criteria may include a defendant's business records. *Byrd v. Aaron's, Inc.*, 784 F.3d 154, 164 (3d Cir. 2015).

---

[2] Plaintiff anticipates a potential need to revise the definition of the Class following a reasonable period for discovery; she respectfully requests, and reserves, the right to do so.

4

This Court should find that membership in the class is ascertainable. This is because each requirement for class membership is entirely objective. Indeed, there is nothing subjective about whether GMRS made a call to a person's cellphone, whether the person is a Pennsylvania resident, and whether consent was obtained in the same way GMRS asserts it obtained consent to call Plaintiff. As such, the implicit requirement of ascertainability is met here.

**B.     The Class Satisfies the Requirements of Rule 23(a).**

As shown below, the Class is sufficiently numerous, it shares common legal and factual issues, it features claims that are typical of the named plaintiff, and it is adequately represented by both the Plaintiff and proposed Class counsel.

*1.     The Class is Numerous.*

Numerosity is met when "the class is so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). There is "'[n]o single magic number [that] satisf[ies] the numerosity requirement.'" *Logory v. City of Susquehanna*, 277 F.R.D. 135, 140 (M.D. Pa. 2011) (quoting *Florence v. Bd. of Chosen Freeholders*, No. 05-cv-3619, 2008 WL 800970, at *6 (D.N.J. Mar. 20, 2008)). Generally, numerosity is satisfied when the class comprises 40 or more members. *See Stewart v. Abraham*, 275 F.3d 220, 226-27 (3d Cir. 2001); *Logory*, 277 F.R.D. at 140.[3]

---

[3] *See also Hawk Valley, Inc. v. Taylor*, 301 F.R.D. 169, 182 (E.D. Pa. 2014) (holding defendants "could not plausibly contend" that a class of over 4,000 was not sufficiently numerous); *Edmonds v. Levine*, 233 F.R.D. 638, 640–41 (S.D. Fla. 2006) (finding that "[t]here is no question" that the numerosity requirement is satisfied when plaintiffs estimate a class consisting of "thousands"); *Heastie v. Cmty. Bank of Greater Peoria*, 125 F.R.D. 669, 674 (N.D. Ill. 1989) (classes numbering in the thousands "clearly" satisfy the numerosity requirement); NEWBERG ON CLASS ACTIONS § 3:5, 243 – 46 ("Class actions under the amended Rule 23 have frequently involved classes numbering in the hundreds, or thousands . . . In such cases, the impracticability of bringing all class members before the court has been obvious, and the Rule 23(a)(1) requirement has been easily met."). Accordingly, the proposed Class here, which numbers in the thousands, satisfies the numerosity requirement.

Here, Thompson alleges—and discovery will show—that Defendants have made unlawful phone calls to thousands of individuals who fall into the definition of the Class. (Compl. ¶¶ 10-21). Numerosity is satisfied accordingly.

### 2. *The Class Members Share Common Issues of Law and Fact.*

As the Supreme Court explained in *Dukes*, "What matters to class certification. . . is not the raising of common 'questions'—even in droves—but, rather the capacity of a classwide proceeding to generate common *answers* apt to drive the resolution of the litigation. *Dukes*, 131 S. Ct. at 2551 (commonality requires that the claims of the class "depend upon a common contention . . . of such a nature that it is capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke."); the Rule 23(a)(2) commonality requirement is "not an onerous one" and may be met when a "common nucleus of operative fact" exists, even if as to one question of law or fact, and is often found when "defendants have engaged in standardized conduct toward members of the proposed class." *Hawk Valley, Inc. v. Taylor*, 301 F.R.D. 169, 182 (E.D. Pa. 2014) (citing *Georgine v. Amchem Prods., Inc.*, 83 F.3d 610, 626-27 (3d Cir. 1996). In this case, the litigation will generate common answers for the Class.

Here, Thompson's and the Class's claims succeed or fail on the same common contention: that GMRS's phone calls violated the TCPA because neither GMRS nor its business parties (on whose behalves GMRS made its calls) obtained prior express consent to make the calls. The TCPA prohibits the use of an "automatic telephone dialing system" or pre-recorded voice to place calls to cell phones without the "prior express consent" of the called party. See 47 U.S.C. § 227(b)(1)(A)(iii). GMRS made the calls systematically and its conduct affected Thompson and the members of the Class in a virtually identical manner (*i.e.*, subjecting them to

the aggravation and nuisance associated with such calls in addition to interference with the use and enjoyment of their cell phones).

Moreover, GMRS's unlawful conduct will be proven through the use of common and generalized evidence applicable to each of the Class members as a whole because—as discovery will show—consent was obtained in the same manner, and in no case did GMRS obtain *prior* express consent.

As a result, the common factual issues for the Class include, but are not necessarily limited to, (i) whether the equipment Defendant used to make the unsolicited calls in question is an automatic telephone dialing system as defined by the TCPA, and (ii) whether Defendant or its third party marketers systematically made calls to persons who did not provide Defendant with their prior express consent to do so. And as will be shown at any eventual trial or hearing on the merits, these common factual questions lead to a common legal answer for the entire Class—that Defendant's conduct violates the TCPA. Accordingly, the commonality requirement is met as well.

    *3.    Thompson's Claims and Defenses are Typical of the Claims or Defenses of the Proposed Class Members.*

In addition to sharing common legal and factual issues, the Class meets Rule 23(a)'s requirement that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). Typicality "does not mean that the claims of the class representative[s] must be identical or substantially identical to those of the absent class members." 5 HERBERT B. NEWBERG & ALBA CONTE, NEWBERG ON CLASS ACTIONS, § 24.25 (3d ed. 1992). Rather, a court asks "whether the named plaintiffs' claims are typical, in common-sense terms, of the class, thus suggesting that the incentives of the plaintiffs are aligned with those of the class." *Beck v. Maximus, Inc.*, 457 F.3d 291, 295-96 (3d Cir. 2006); NEWBERG ON

CLASS ACTIONS § 3:13 at 327. The existence of factual differences will not preclude a finding of typicality; the claims of a named plaintiff need only "arise[] from the same event or practice or course of conduct that gives rise to the claims of the class members" and be "based on the same legal theory." *Id.* at 296 (internal citation and quotation omitted); *see also Hawk Valley*, 301 F.R.D. at 183 (finding typicality where plaintiff and class were "asserting the same legal claim (that defendants violated 47 U.S.C. § 227(b)(1)(C)) against the same defendants . . . based on the same incident . . . .")

Thompson is a member of the Class. Thompson and the other members of the Class were each subjected to GMRS's common course of conduct. That is, they each received one or more unsolicited calls from Defendant even though they did not give GMRS prior express consent to call them. As a result of GMRS's conduct, Thompson and the members of the Class suffered substantially similar harm from Defendants' calls—invasions of privacy and their statutory rights, interference with the use and enjoyment of their cellphone hardware—entitling them to nearly identical statutory damages provided by the TCPA. By pursuing her own claims, Thompson will necessarily advance the interests of the proposed Class in satisfaction of Rule 23(a)(3)'s typicality requirement.

Thus, typicality is satisfied for the Class.

        4.     *Thompson and Her Counsel Are Adequate Representatives.*

The final hurdle of Rule 23(a) is that "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). Adequacy requires that "(1) class counsel is competent and qualified to conduct the litigation; and (2) class representatives have no conflicts of interests." *Hawk Valley*, 301 F.R.D. at 183 (citing *New Directions Treatments Servs. v. City of Reading*, 490 F.3d 293, 313 (3d Cir. 2007). Both requirements are met.

First, Thompson can adequately represent the Class. The proposed class representative must be "interested in, and capable of, diligently prosecuting this action, and [] not have interests which conflict with those putative class members which it seeks to represent." *Hawk Valley*, 301 F.R.D. at 184. Thompson has no actual conflicts with any of the proposed Class members and is committed to the case. Indeed, Thompson has the same interests as the other members of the Class. She received unauthorized telephone calls from Defendant as a result of Defendant's uniform course of unlawful conduct. Therefore, like the other members of the Class, her interests lie in ensuring that Defendant's conduct does not continue in the future and that she and the other members of the Class recover the damages and injunctive relief to which they are entitled. Thompson simply has no interests antagonistic to those of the Class.

Additionally, proposed class counsel must be competent and have the resources necessary to sustain the complex litigation necessitated by class claims, and it is persuasive evidence that proposed class counsel have been found adequate in prior cases. *See id.* at 183. Here, Thompson's counsel are well-respected members of the legal community who have extensive experience in class actions of similar size, scope, and complexity to the instant action. Counsel are deeply familiar with the TCPA and have regularly engaged in major complex litigation involving the TCPA and consumer technology issues. Counsel also have the resources necessary to conduct litigation of this nature.

As such, both Thompson and her counsel are more than adequate to represent the putative Class, and the final requisite to certification under Rule 23(a) is satisfied.

C. **The Proposed Class Meets the Requirements of Rule 23(b)(2)**

Once the prerequisites of Rule 23(a) are satisfied, one of the three subsections of Rule 23(b) must be satisfied as well. Here, Plaintiff seeks certification of the proposed Class under

Rules 23(b)(2) and (b)(3). Rule 23(b)(2) provides that "the party opposing the class must has acted or failed to act on grounds generally applicable to the proposed class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." *Clarke v. Lane*, 267 F.R.D. 180, 195 (E.D. Pa. 2010) (quoting Fed. R. Civ. P. 23(b)(2)).

There should be no question that Defendant acted on grounds generally applicable to the Class as a whole. Indeed, Defendant made virtually identical phone calls to Thompson and each of the other members of the putative Class without first obtaining their consent. Further, GMRS used the same automatic telephone dialing system to make the calls and obtained Thompson's and the Class's phone numbers in the same unauthorized way—its conduct did not vary significantly from Class member to Class member and therefore, final injunctive relief is necessary to protect Thompson and the other members of the Class from that conduct in the future.

Thus, the requirements of Rule 23(b)(2) are satisfied.

### D. The Proposed Class Also Meets the Requirements of Rule 23(b)(3)

Certification is also warranted under Rule 23(b)(3), which provides that a class action may be maintained where the questions of law and fact common to members of the class predominate over any questions affecting only individual members, and the class action mechanism is superior to other available methods for the fair and efficient adjudication of the controversy.

This case meets both of these requirements. The inquiry into whether common questions predominate over individual questions "tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Montgomery Cnty, Pa. ex rel. Becker v. MERSCORP, Inc.*, 298 F.R.D. 202, 216 (E.D. Pa. 2014) (quoting *Amchem Prods.*, 521 U.S. at 623).

In this case, the claims of Thompson and the other members of the Class all arise from Defendant's standardized conduct of making unauthorized calls to their cell phones, using the same automatic telephone dialing equipment to do so, and having obtained their phone numbers through the same unauthorized means. Thus, the common questions described above predominate over any issues affecting only individual members of the Class (*e.g.*, the total number of calls received by each individual member of the Class). Moreover, the evidence necessary to prove Thompson's and the Class's claims—including the content of the calls, the manner and means by which Defendant sent the calls, to what phone numbers they were sent, and how Defendant obtained those phone numbers—will come from within Defendant's own records.

The only claims at issue in this case—Defendant's violations of the TCPA—present common and predominant issues for the Class and are subject to generalized proofs. As such, the predominance requirement is also satisfied. *See, e.g., Manno v. Healthcare Revenue Recovery Grp. LLC*, 289 F.R.D. 674, 690 (S.D. Fla. 2013) (certifying TCPA class action and stating: "contrary to Defendants' argument, the issue of consent does not predominate over the questions common to the class. Further, as explained above, the Defendants' other consent argument—that class members consented ipso facto during the admissions process—is not an individualized issue defeating predominance, but is itself a question/defense common to the class as a whole."); *Siding & Insulation Co. v. Beachwood Hair Clinic, Inc.*, 279 F.R.D. 442, 444 (N.D. Ohio 2012) (granting certification of class action alleging violations of the TCPA and stating that predominance was satisfied because "[defendant] faxed recipient numbers on [a] purchased database, the real question is the source of the numbers in that database."); *Mitchem v. Illinois Collection Svc., Inc.*, 271 F.R.D. 617, 618 (N.D. Ill. 2011) (finding predominance in certifying

TCPA class action); *Kavu, Inc. v. Omnipak Corp.*, 246 F.R.D. 642, 647 (W.D. Wash. 2007) (same); *Lo v. Oxnard European Motors, LLC*, 11-cv-1009(JLS), 2011 WL 6300050, at *3 (S.D. Cal. Dec. 15, 2011) ("Here, a common issue predominates over any individual issue—namely, whether the transmission and content of confirmatory text messages allegedly sent by Defendant to all class members violates the TCPA.").

Rule 23(b)(3) further requires that the class action mechanism be superior to the other available methods for the fair and efficient adjudication of the controversy. *Hawk Valley*, 301 F.R.D. at 190. Class actions are particularly appropriate when they allow plaintiff with similar claims to jointly bear the cost of litigation. *See Amchem Prods.*, 521 U.S. at 617 (stating that the "policy at the very core of the class action mechanism is to overcome the problem that small recoveries do not provide an incentive for any individual to bring a solo action prosecuting his or her rights").

Courts have regularly ruled that a class action is a superior vehicle for resolving TCPA disputes. *See City Select Auto Sales, Inc. v. David Randall Associates, Inc.*, 296 F.R.D. 299, 322 (D.N.J. 2013) ("The Court agrees that at least six main common questions will be addressed in this class action...."); *Lee v. Stonebridge Life Ins. Co.*, 289 F.R.D. 292, 294 (N.D. Cal. 2013); *Vandervort v. Balboa Capital Corp.*, 287 F.R.D. 554, 563 (C.D. Cal. 2012); *Agne v. Papa John's Int'l, Inc.*, 286 F.R.D. 559, 572 (W.D. Wash. 2012) ("For the foregoing reasons, Plaintiff's motion for class certification...is granted"); *CE Design Ltd. v. Cy's Crabhouse N., Inc.*, 259 F.R.D. 135, 143 (N.D. Ill. 2009); *Hinman v. M & M Rental Ctr., Inc.*, 545 F. Supp. 2d 802, 804 (N.D. Ill. 2008) ("For the reasons discussed below, I grant the motion and certify a class with a slightly revised definition."); *Kavu, Inc*, 246 F.R.D. at 651; *St. Louis Heart Center, Inc. v. Vein Centers for Excellence, Inc.*, No. 4:12cv174CDP, 2013 WL 6498245, at *10-11 (E.D. Mo.

December 11, 2013); *Law Offices of Leonard I. Desser, P.C. v. Shamrock Commc'ns, Inc.*, No. JKB–12–2600, 2013 WL 2244811 (D.Md. May 21, 2013) (granting motion to amend complaint to clarify allegations as to the purported class and denying motion to strike class allegations as premature); *Bellows v. NCO Fin. Sys., Inc.*, No. 3:07-cv-01413(W-AJB), 2008 WL 4155361, at *8 (S.D. Cal. Sept. 5, 2008) (holding in a TCPA action that "[t]he class action procedure is the superior mechanism for dispute resolution in this matter. The alternative … would be costly and duplicative.")

The instant class action is superior to other available methods for litigating Thompson's and the other Class members' claims. Absent class treatment, each individual member of the Class would be required to present the same or essentially the same legal and factual arguments, in separate and duplicative proceedings, the result of which would be a multiplicity of trials conducted at enormous expense to both the judicial system and the litigants. Such a result would be neither efficient nor fair to anyone, including Defendant. Moreover, there is no indication that members of the Class have a strong interest in individual litigation, let alone any incentive to pursue their claims individually, given the small amount of damages likely to be recovered relative to the resources required to prosecute such an action. Similarly, class certification would promote consistency of rulings and judgments, giving all parties the benefit of finality.

## IV. CONCLUSION

For the foregoing reasons, this Court should certify the proposed Class.

WHEREFORE, the Plaintiff, Alicia Thompson, respectfully requests that this Honorable Court grant her Motion for Class Certification, certify the Class under Rules 23(b)(2) and 23(b)(3), appoint Thompson as Class representative, appoint Steven Woodrow and Patrick Peluso of Woodrow & Peluso, LLC and Barry Cohen of Royer Cooper Cohen and Braunfeld,

LLC as class counsel, and award such additional and further relief as this Court deems necessary and appropriate.

          Respectfully submitted,

          Royer Cooper Cohen Braunfeld LLC

          By: _____
          Barry L. Cohen, Esquire
          bcohen@rccblaw.com
          101 W. Elm Street, Ste. 220
          Conshohocken, PA 19428
          Telephone: 484-362-2628
          Facsimile: 484-362-2630

          *Attorneys for ALICIA THOMPSON, individually and on behalf of a class of similarly situated individuals*

Dated: June 25, 2015

Steven L. Woodrow
(swoodrow@woodrowpeluso.com)*
Patrick H. Peluso
(ppeluso@woodrowpeluso.com)*
Woodrow & Peluso, LLC
3900 East Mexico Ave., Suite 300
Denver, Colorado 80210
Telephone: (720) 213-0675
Facsimile: (303) 927-0809


* pro hac vice admission to be sought